IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE McGEE (R30201),<br>Petitioner,<br><br>v.<br><br>MARCUS HARDY, Warden, Stateville<br>Correctional Center,[1]<br>Respondent. | Civil Action No. 12 C 4255<br><br>Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Following a 2006 jury trial, Willie McGee was convicted of first degree murder and sentenced to 60 years' imprisonment for fatally shooting Steven Riley. He petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The respondent asserts McGee's petition is time-barred. For the following reasons, the court agrees and grants the respondent's motion to dismiss.

### I. BACKGROUND

On June 5, 2008, the Illinois appellate court affirmed McGee's conviction on direct appeal. *People v. McGee*, No. 1-06-625 (Ill. App. Ct. Jun. 5, 2008) (unpublished order) (Resp. Ex. A). McGee's petition for leave to appeal to the Illinois Supreme Court was denied on November 26, 2008. Resp. Ex. B & C. On April 21, 2009, McGee filed a petition for relief from judgment pursuant to 735 ILCS § 5/2-1401. Resp. Ex. D. The trial court summarily dismissed the petition as untimely. McGee did not appeal. Resp. Ex. E.

---

[1] Michael Lemke, the current warden of the Stateville Correctional Center, is substituted as the respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).

Instead, on June 3, 2009, McGee filed a post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS § 5/122-1, *et seq*. Resp. Ex. F. The trial court summarily dismissed the petition and the Illinois appellate court affirmed. *People v. McGee*, No. 1-09-2804 (Ill. App. Ct. Aug. 5, 2011) (unpublished order) (Resp. Ex. G). McGee asserts that he filed a petition for leave to appeal from the denial of post-conviction relief that was denied on August 5, 2011, the date the appellate court's decision issued. Dkt. 16 at 3. Counsel for the respondent states that the Illinois Supreme Court's records do not reflect the filing of a petition. McGee did not file a petition for a writ of certiorari with the United States Supreme Court for his direct or post-conviction appeals.

On May 31, 2012, the court received McGee's undated federal habeas petition, which included a certificate of service dated May 15, 2012. Dkt. 1. The court allowed McGee to amend his petition. Dkt. 16. The respondent moved to dismiss, and the court ordered McGee to respond by March 29, 2013. McGee did not respond; the date for him to do so has passed.

## II. ANALYSIS

### A. Statute of Limitations

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The Illinois Supreme Court denied McGee's petition for leave to appeal in his direct proceedings on November 26, 2008. McGee had 90 days, or until February 24, 2009, to file a petition for a writ of certiorari with the United States Supreme Court. *See Jimenez v.*

*Quarterman*, 555 U.S. 113, 120 (2009); *Virsnieks v. Smith*, 521 F.3d 707, 716 n.12 (7th Cir. 2008). As he did not do so, the judgment of conviction became final on February 25, 2009.

"The time during which a properly filed application for a State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The first possible event that might toll the statute of limitations is McGee's April 21, 2009, petition for relief from judgment pursuant to 735 ILCS § 5/2-1401. The petition does not toll the limitations period as the trial court dismissed it as untimely and McGee did not appeal. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (a post-conviction petition rejected as untimely is not "properly filed" and does not toll the statute of limitations under § 2244(d)(2)).

McGee timely filed a state post-conviction petition on June 3, 2009. This petition was filed in conformance with state rules so the statute of limitations clock stopped ticking on that date. *See id.* At this point, 97 days out of the 365-day limitations period had passed, leaving McGee with 268 days to file a federal habeas petition. On August 5, 2011, the Illinois appellate court affirmed the dismissal of McGee's post-conviction petition. He did not file a petition for leave to appeal with the Illinois Supreme Court, although he had 35 days to do so. *See Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000) (citing Ill. Sup. Ct. R. 315(b)). The court thus considers whether he is entitled to a tolling credit of 35 days.

The respondent contends McGee is not entitled to a credit, analogizing to cases holding that a prisoner is not entitled to a credit for the time in which he could have filed a post-conviction petition for a writ of certiorari with the Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (an application for state post-conviction review stops "pending" when state

court post-conviction review ends because "[a]ll that remains is a separate certiorari petition pending before a *federal* court.") (emphasis in original); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (under *Lawrence*, a petitioner is not entitled to "toll[ing] during the 90 days he could have sought certiorari after the state supreme court denied leave to appeal in his postconviction proceedings.").

The court agrees. Under § 2244(d)(2), the limitation period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002), the Supreme Court rejected the argument that "an application for state collateral review is not 'pending' in the state courts during the interval between a lower court's entry of judgment and the timely filing of a notice of appeal (or petition for review) in the next court." This means the statute of limitations for a collateral appeal is tolled when a prisoner files a timely notice of appeal or petition for review. *See id.* Here, the Illinois appellate court affirmed the trial court and McGee never filed a petition for leave to appeal. There was "no timely filing of a notice of appeal (or petition for review) in the next court." *Id.* Accordingly, McGee is not entitled to a credit for the time in which he could have, but did not, seek discretionary review.

*Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000), supports this conclusion. In *Fernandez*, the court held that "[i]t is unnecessary to decide, and we therefore reserve, the question whether time provided for filing [a discretionary appeal from the denial of state collateral relief] to a higher court is treated as time during which an application is pending, if the time expires without a filing." *Id.* at 980. The court reasoned that a petition is "pending"

between the issuance of a decision and a request for review by a higher court if a timely request for review is filed. *Id.* The filing of a petition for discretionary review is necessary, as without a timely-filed petition for leave to appeal, there can be no "properly filed application for State post-conviction or other collateral review" that is "pending." 28 U.S.C. § 2244(d)(2).

Therefore, the court finds the statute of limitations clock began to tick again on August 5, 2011, when the Illinois appellate court affirmed the dismissal of McGee's post-conviction petition. McGee had 268 days, or until April 29, 2012, to file a federal habeas petition. Because April 29, 2012, was a Sunday, the petition was due by Monday, April 30, 2012. Fed. R. Civ. P. 6(a)(1)(C). The federal prisoner mailbox rule provides that a document is deemed filed on the day it is deposited in the prison's mail system with prepaid first-class postage. Fed. R. App. P. 4(c)(1). McGee's certificate of service for his habeas petition states it was "properly addressed to the parties listed above for mailing through the United States Postal Service." Dkt. 1 at 25. McGee's federal habeas petition thus does not satisfy the mailbox rule. Even assuming he could be entitled to the benefit of the mailbox rule despite the lack of prepaid postage, the earliest possible date McGee could have filed his undated petition was May 15, 2012, the date on the certificate of service filed with the original habeas petition. Accordingly, the petition is untimely.

**B.      Equitable Tolling**

McGee's only hope of saving his § 2254 petition is equitable tolling. Equitable tolling is available if a petitioner pursued his rights diligently and an extraordinary circumstance prevented him from submitting a timely petition. *See Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 2560 (2010). Construing McGee's filings liberally given his *pro se* status, it appears McGee did not

"understand the state collateral appeal process and the often complex rules used to calculate the due date of a federal habeas petition." *Bodley v. Ott*, No. 11 C 8137, 2012 WL 773716, at *3 (N.D. Ill. Mar. 8, 2012) (Manning, J.). However, "a prisoner's *pro se* status and the fact that he is incarcerated do not entitle him to equitable tolling." *Id.*; *see Tucker v. Kingston*, 538 F.3d at 734-35 (collecting cases holding that "limited resources," "the lack of legal expertise," and a "prisoner's limited access to the prison law library" are not grounds for equitable tolling). Thus, equitable tolling does not apply in this case.

## C. Certificate of Appealability

The court declines to issue a certificate of appealability. McGee has not made a substantial showing of the denial of a constitutional right, nor would reasonable jurists debate whether the court's procedural rulings were correct. See 28 U.S.C. § 2253(c)(2); *Slack v McDaniel*, 529 U.S. 473, 484 (2000); *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

## III. CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss McGee's petition for a writ of habeas corpus [Dkt. 23] granted. The petition is denied as time-barred. No certificate of appealability is issued. The clerk shall substitute Michael Lemke, the current warden of the Stateville Correctional Center, as the respondent.

Enter:

May 6, 2013

Suzanne B. Conlon
United States District Judge